IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>RONALD A. COLLINS, PLANTATION SWEETS, INC. and VIDALIA PLANTATION, INC.,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>_____ |

## PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, this Court enters this preliminary injunction as follows:

### Statement of the Case

On July 6, 2016, Plaintiff Wells Fargo Bank, National Association ("Wells Fargo") filed its Verified Complaint against Defendants Plantation Sweets, Inc. ("Plantation Sweets"), Vidalia Plantation, Inc. ("Vidalia Plantation"), and Ronald A. Collins ("Mr. Collins"). In its Verified Complaint, Wells Fargo seeks preliminary and permanent injunctive relief, damages and attorney's fees for Defendants' breach of a promissory note, security agreement, and personal guaranty. With the Verified Complaint, Wells Fargo filed a Motion for Preliminary Injunction. This Court

possesses jurisdiction and venue pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391(a)(1) and (2).

### Facts

This case is a suit on a promissory note and personal guaranty by Plaintiff Wells Fargo against Defendants. As set forth in its Verified Complaint, Wells Fargo loaned $4.2 million to Plantation Sweets and Vidalia Plantation after they executed a Revolving Line of Credit Note ("the Note") on April 22, 2015. (Verified Complaint at ¶ 8 & Ex. A thereto). On that same date, Mr. Collins, who is the president and chief executive officer of the corporate borrowers, executed an Unconditional Guaranty" in which he personally guaranteed the payment and performance liabilities and obligations of Plantation Sweets and Vidalia Plantation. (*Id.* at ¶ 9 & Exhibit B to Verified Complaint).

As part of obtaining the $4.2 million loan, Plantation Sweets and Vidalia Plantation also executed security agreements with Wells Fargo. Specifically, on April 22, 2015, Plantation Sweets and Vidalia Plantation entered into a Security Agreement pursuant to which they granted Wells Fargo a security interest in certain collateral, including but not limited to (i) crops, (ii) all rights to payments from the sale of crops, and (iii) all rights to payments with respect to any insurance and any federal or state payment programs relating to crops of Plantation Sweets and Vidalia

Plantation.  (Verified Complaint at ¶ 22 & Ex. D thereto).

The Security Agreement includes a number of mandatory requirements in order to ensure that the collateral for the loan is not sold or transferred by the Defendants without notice to and consent by Wells Fargo.  Specifically, the Security Agreements mandates:

- Plantation Sweets and Vidalia Plantation shall provide Wells Fargo with a list of all persons to whom they intend to sell any Collateral;

- Plantation Sweets and Vidalia Plantation shall provide "notice, in form and substance satisfactory to Bank, to each person to or through whom Debtor intends to sell the Collateral of the existence and scope of Bank's security interest in such Collateral, and *Debtor shall deliver a copy of each such notice to Bank when and as so given*;

- "all checks, notes or other drafts constituting all or any portion of the purchase price of any Collateral shall be *made payable directly to Bank*, marked for the account of Debtor, and *shall be mailed directly by the purchaser of such collateral to Bank ....*";

- Plantation Sweets and Vidalia Plantation shall "*not* dispose of any Collateral or Proceeds *except on terms approved by Bank*";

- Plantation Sweets and Vidalia Plantation shall "receive and use reasonable diligence to collect Proceeds, *in trust and as the property of Bank*, and to *immediately* endorse as appropriate and *deliver such Proceeds to Bank daily in the exact form in which they are received together with a collection report in form satisfactory to Bank*; and

- Plantation Sweets and Vidalia Plantation shall not "commingle Proceeds or collections thereunder with other property."

(Verified Complaint at ¶¶ 23-24 & Ex. D thereto at ¶¶ 6(b)(viii) and (ix), 6(c)(i), (ii),

3

(iii) and (iv), and 10(b)) (emphasis added).

The Note matured on April 30, 2016, and Plantation Sweets and Vidalia Plantation have defaulted on their obligations under the Note by, among other things, failing to make repayment of principal and interest.   (*Id.* at ¶¶ 11-12 & Ex. D to Verified Complaint).

Despite their default, Defendants have failed to notify Wells Fargo of the location of all collateral crops subject to the Security Agreement and failed to notify Wells Fargo of the persons to whom they intend to sell the Collateral.   (*Id.* at ¶ 26). In addition, Defendants have previously sold and disposed of collateral without notifying Wells Fargo and without ensuring that the proceeds from such sales were made payable to Wells Fargo, and Defendants are in the process of harvesting and selling additional crop collateral of Wells Fargo, and based upon their prior actions, Wells Fargo fears that Defendants will once again convert the collateral without transferring the proceeds from such collateral to Wells Fargo and in violation of the Security Agreement.   (*Id.*).

## **Injunction**

Defendants Ronald A. Collins, Plantation Sweets, Inc. and Vidalia Plantation, Inc., and their officers, agents, servants, employees, and attorneys, and all those

persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby ordered to:

1. immediately provide Wells Fargo with a list of all persons identified by full name and mailing address to whom Plantation Sweets and Vidalia Plantation intend to sell collateral;

2. immediately provide notice, in form and substance satisfactory to Wells Fargo, to each person to or through whom Plantation Sweets and Vidalia Plantation intend to sell any collateral of the existence and scope of Wells Fargo's security interest in such collateral, and deliver a copy of each such notice to Wells Fargo as given;

3. ensure that all checks, notes or other drafts constituting all or any portion of the purchase price of any collateral shall be made payable directly to Wells Fargo and shall be mailed directly by the purchaser of such collateral to Wells Fargo;

4. ensure that payments with respect to any crop insurance and any federal or state payment programs relating to crops be held in trust and as the property of Wells Fargo;

5. immediately endorse and deliver any payments with respect to any crop insurance and any federal or state payment programs relating to crops

to Wells Fargo in the exact form in which they are received together with a collection report in form satisfactory to Wells Fargo;

6. immediately complete and execute an assignment to Wells Fargo of the indemnity right of Plantation Sweets and Vidalia Plantation under any crop insurance and any federal or state payment program relating to crops including but not limited to the Whole-Farm Revenue Protection Pilot Policy reinsured by the Federal Crop Insurance Corporation; and

7. refrain from commingling the proceeds from the sale or disposition of any collateral with any other funds or property of Plantation Sweets and Vidalia Plantation.

Either party to this action may move for a modification of this Order. However, absent modification, Defendants are bound hereby until this Court enters a final judgment in this action.

SO ORDERED this ___ day of _____, 2016.

_____
United States District Judge

Submitted by:

SMITH, GAMBRELL & RUSSELL, LLP

/s/ *Brian P. Hall*
Brian P. Hall, Georgia Bar No. 318171
1230 Peachtree Street, NE
Suite 3100 – Promenade
Atlanta, Georgia 30309-3592
Telephone:   (404) 815-3500
Facsimile:   (404) 685-6837
Email:   bhall@sgrlaw.com
*Attorney for Wells Fargo Bank,*
*National Association*